IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RICHARD WAYNE MOBLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 113-207 |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Richard Wayne Mobley ("Plaintiff") appeals the decision of the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

## I. BACKGROUND

Plaintiff protectively applied for DIB on June 13, 2009, alleging a disability onset date of March 10, 2008. Tr. ("R."), pp. 74, 158-161. The Social Security Administration denied Plaintiff's applications initially, R. at 74, 76, 78, and on reconsideration, R. at 89. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), R. at 91-93, and the ALJ held

a hearing on June 28, 2012, R. at 44-72. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel and Robert E. Brabham, a Vocational Expert ("VE"). Id. On July 18, 2012, the ALJ issued a partially favorable decision. R. at 27-38.

Applying the five-step sequential process required by 20 C.F.R. § 404.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since the alleged onset date (20 CFR 404.1571 *et seq.*).

2. Since the alleged onset date of disability, March 10, 2008, the claimant has had the following severe impairments: diabetes mellitus, adjustment disorder with mixed depression and anxiety, and hypertension (20 CFR 404.1520(c)).

3. Since the alleged onset date of disability, March 10, 2008, the claimant has not had an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

4. Prior to October 13, 2011, the date the claimant became disabled, the claimant had the residual functional capacity to perform a range of medium work as defined in 20 CFR 404.1567(c) in that he could lift and carry no more than fifty pounds occasionally and twenty-five pounds frequently; stand and walk for about six hours in an eight-hour workday; and sit throughout the workday. He could frequently balance, stoop, kneel, crouch, and crawl, occasionally climb ramps and stairs, but never climb ladders, ropes, and scaffolds. He had to avoid concentrated exposure to extremes of heat and cold. By reason of his mental impairment, he was then further restricted to work requiring only simple instructions and no more than occasional contact with the public. Beginning on October 13, 2011, the claimant has the residual functional capacity to perform a range of medium work as deemed in 20 CFR 404.1567(c) as described above, except that his worsened physical and mental condition now prevents him from sustaining concentration, persistence, or pace to complete an eight-hour workday.

5. Prior to October 13, 2011, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the

> claimant could have performed (20 CFR 404.1569 and 404.1569a). Beginning on October 13, 2011, considering the claimant's age, education, work experience, and residual functional capacity, there are no jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c) and 404.1566).

R. at 29-38.

When the Appeals Council denied Plaintiff's request for review, R. at 10-12, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action in the United States District Court for the Southern District of Georgia requesting reversal of the adverse decision. Plaintiff argues that the Commissioner's decision is not supported by substantial evidence because: (1) the ALJ failed to account for Plaintiff's prescribed use of double crutches in assessing his Residual Functioning Capacity ("RFC"); (2) the ALJ erred in not finding Plaintiff's peripheral neuropathy to be a severe impairment; (3) the ALJ erred in not finding Plaintiff's lumbar disc problems to be a severe impairment; (4) the ALJ misapplied the pain standard in finding Plaintiff not fully credible; (5) the ALJ failed to fully evaluate Plaintiff's Veterans Affairs ("VA") disability rating; and (6) the ALJ failed to employ a medical advisor pursuant to Social Security Ruling 83-20 in determining the onset date of Plaintiff's disability. (See doc. no. 7 (hereinafter "Pl.'s Br.").) The Commissioner maintains that the decision to deny Plaintiff benefits was supported by substantial evidence and should therefore be affirmed. (See doc. no. 8 (hereinafter "Comm'r's Br.").)

## II.   STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991);

3

and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether

4

correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

### A. The ALJ Did Not Properly Address the VA Disability Rating

At step four of the sequential evaluation process, the ALJ found that Plaintiff could perform a range of medium work prior to October 13, 2011 but was limited to work requiring simple instructions and only occasional contact with the public at that period due to his mental impairment. R. at 30. As part of this RFC determination, the ALJ noted Plaintiff's 90% disability rating by the VA in the fall of 2010 which was subsequently raised to 100% as of June 29, 2011. R. at 35. In addressing the disability ratings, the ALJ stated that the disability findings "have been considered" and noted that the VA disability program was based on a percentage schedule. Id. The ALJ further stated that the VA's definition of disability is not consistent with the definition of disability in the Social Security Act and determinations by the VA are not binding on an ALJ. Id.

Although a VA disability rating is not binding on the Secretary, it is evidence that should be given great weight. Rodriguez v. Schweiker, 640 F.2d 682, 686 (5th Cir. Unit A 1981). Furthermore, The ALJ must also "state specifically the weight accorded to each item of evidence and why he reached that decision." Kemp v. Astrue, 308 F. App'x 423, 426 (11th Cir. 2009) (quoting Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir.1981)). In addressing a VA disability rating, the ALJ is allowed to implicitly give great weight to the rating and does not have to specifically state the weight being given. See Kemp v. Astrue, 308 F. App'x 423, 426 (11th Cir. 2009).

5

Here, the ALJ stated that she considered the disability ratings, but the only reasons given for rejecting the findings was that the standard for disability is different and the VA's decision was not binding upon her. R. at 35. A simple statement that the two agencies use different standards to evaluate disability fails to sufficiently justify not giving great weight to a VA disability determination. See Hogard v. Sullivan, 733 F. Supp. 1465, 1468 (M.D. Fla. 1990). Moreover, when rejecting a VA disability determination, an ALJ must provide sufficient justification for doing so. Rainwater v. Colvin, CV 5:12-337, 2013 WL 4763742, at *4 (M.D. Ga. Sept. 4, 2013). In not giving further reasons for differentiating from the VA's determination, the ALJ's opinion was insufficient in justifying its departure from the disability rating found by the VA.

The Commissioner cites Kemp v. Astrue, 308 F. App'x 423 (11th Cir. 2009), as justifying the ALJ's brief discussion of the VA rating in her decision. In Kemp, however, the ALJ continuously referred to the VA rating decision and gave specific reasons for why a certain disability was not a severe impairment, even though it was rated by the VA. 308 F. App'x at 426. There was no such discussion of the VA rating in the current ALJ's opinion, and the Court cannot conclude that the perfunctory rejection of the VA decision by the ALJ is an implicit finding of great weight. Adams v. Comm'r of Soc. Sec., 542 F. App'x 854 (11th Cir. 2013) also does not support the Commissioner's argument because the ALJ in that decision also commented on specific disability ratings for different impairments and gave specific reasons for discounting them. 542 F. App'x at 857. Although the ALJ here did discuss the VAMC records that the VA decision utilized, the ALJ never discussed them in the context of the disability rating. Given this lack of analysis by the ALJ, Kemp and Adams do not support the ALJ's perfunctory rejection of

the VA disability rating.[1]

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 6th day of November, 2014, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] In light of its determination that the Commissioner's decision should be remanded based on the ALJ's failure to appropriately weigh the VA rating decision, the Court need not reach Plaintiff's remaining contentions. Of course, on remand, Plaintiff's claims must be evaluated in accordance with the five-step sequential evaluating process and in compliance with the applicable regulations and case law in all respects.